

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2007 JUL 13  PM 4: 41

LORETTA G. WHYTE
        CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GRAYLYN JACKSON #131142     *        CIVIL ACTION

VERSUS                      *        NO: 06-4292

BURL CAIN, WARDEN           *        SECTION: "D"(1)

### ORDER AND REASONS

Having considered the petition, the record, the applicable law and the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Magistrate Judge's Report and Recommendation filed by the plaintiff on June 26, 2007, the court approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its own opinion *with the following modification* addressing plaintiff's Objection that the Magistrate Judge did not address his argument that before the jury was impaneled, the entire jury panel was tainted when a third-party announced to "everybody in the courtroom" that there were additional defendants who had already pled guilty.

Plaintiff specifically complains that:

> the trial court's resolution of the matter did not include inquiry into the effect the prejudicial contact had on all other members

___ Fee___
___ Process___
_X_ Dktd___
___ CtRmDep
___ Doc. No.

> of the panel who heard the information, but merely examined two prospective jurors [Marguerite Bleakley and Deanna Weber] and dismissing one of them [Deanna Weber]. Obviously, the information was prejudicial enough to have the trial judge excuse one prospective juror; therefore, the trial judge in his resolution of the matter should have inquired into the effect the third-party contact had on the rest of the prospective jurors. The result of the trial court's erroneous actions was the empaneling of a jury clearly prejudiced by the third-party contact and thus denying Petitioner his right to nan impartial jury under the 6th Amendment. The Magistrate's opinion on the impartial jury issue unfairly attempts to limit the scope of Petitioner's claim; therefore, Petitioner respectfully request (sic) that the Honorable District Court in its de novo review fully address this 6th Amendment issue.

(See Plaintiff's Objections at p. 2).

The record reflects that during jury voir dire, prospective juror Bleakley told the trial judge at a bench conference that she heard from some court personnel that four persons were involved in this case and "three pleaded guilty." (TR. from May 11, 1999, p. 72). Ms. Bleakley could not identify the person who said this, and the following colloquy between the court and Ms. Bleakley occurred:

> THE COURT: You see, the problem is the potential for this, if I have one person who said this to a lot of people, it would throw this whole trial out. I would have to cancel the trial.
>
> [MS. BLEAKLEY]: No. It wasn't said to a lot of people. I'm just the one person that I heard. I can tell you that's the truth. Nobody

2

|                    |                                                                                                                                                                                           |
|--------------------|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|                    | else heard.                                                                                                                                                                               |
|                    | . . .                                                                                                                                                                                     |
| THE COURT:         | Do you know [who said this] and you don't want to tell me?                                                                                                                                |
| [MS. BLEAKLEY]:    | I don't know her first name. I don't. It's not that anybody else heard. It was just the person sitting right next to me that knew.                                                        |
| THE COURT:         | The person sitting right next to you said what?                                                                                                                                           |
| [MS. BLEAKLEY]:    | Was talking.                                                                                                                                                                              |
| THE COURT:         | To her? To her? Who was the person?                                                                                                                                                       |
| [MS. BLEAKLEY]:    | I don't know her.                                                                                                                                                                         |
| THE COURT:         | No, no. no. Listen to me. Who was the juror sitting next to you? Do you know? Do you see them in here? Do you see them? Look around and tell me if you see them in here. I need to speak to them right now. |
| [ADA] MS. McELWEE: | Judge, instead of doing it that way, why don't you ask if anybody else in the pool has heard anything, and just see.                                                                      |
| THE COURT:         | I don't even want this getting out. I don't want this getting out past us right here, alright. Do you recognize the person who was sitting next to you?                                   |
|                    | . . .                                                                                                                                                                                     |
| [MS. BLEAKLEY]:    | Deanna Weber.                                                                                                                                                                             |

(TR. from May 11, 1999, pp. 76-79).

The trial court then questioned Ms. Weber at the Bench. Ms

3

Weber said that someone from the court came into the jury room and "said to everyone" that others had pled guilty, and then Ms. Weber's daughter (Michelle) came into the jury room and "said the same thing." (*Id.* at pp. 79-80). The court then recessed to discuss the matter in an off-the-record conference in chambers. (*Id.* at pp. 79-82). When court resumed, Ms. Weber was excused. (*Id.* at p. 82). Ms. Bleakley was not excused, but she was not selected to serve on the jury.

This court finds from the trial transcript, that the trial court was obviously aware that the entire jury venire could have been tainted by what Ms. Bleakley and/or Ms. Weber had heard (i.e., that others in the case had pled guilty) from either court personnel or from Ms. Weber's daughter. (TR. form May 11, 1999 proceeding at p. 76). Upon questioning by the trial judge, Ms. Bleakley maintained that only she and Ms. Weber had heard such a remark, and the trial court questioned Ms. Weber in chambers as to what she heard.

There is no record of the trial court's in-chambers conference with Ms. Weber, and there is no record of the trial court determining if members of the jury venire, other than Ms. Bleakley and Ms. Weber, heard any prejudicial remarks that other defendants in this case had pled guilty. Nevertheless, the court concludes that Plaintiff's argument that he was denied his right to an

impartial jury is moot, because two of the "other" defendants involved in this armed robbery case, Travis Frank and Colin Duhe, actually testified at Trial about their respective roles, as well as Graylyn Jackson's role, in the crime, and they explained that they pled guilty under a plea agreement wherein they would testify in exchange for a lesser charge of simple robbery. (See TR. from May 12, 1999, pp. 5-45, testimony of Travis Frank and Colin Duhe).

Accordingly;

**IT IS ORDERED** that the federal petition of **Graylyn Jackson** for *habeas corpus* relief be and is hereby **DISMISSED WITH PREJUDICE**,

New Orleans, Louisiana, this **13th** day of **July, 2007**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE